CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
JACQUES SEMMELMAN (admitted *Pro Hac Vice*)
MICHAEL J. MOSCATO (admitted *Pro Hac Vice*)
MICHAEL R. GRAIF (NY Bar No. 2499929)
101 Park Avenue
New York, New York 10178
Telephone:     (212) 696-6000
jsemmelman@curtis.com
mmoscato@curtis.com
mgraif@curtis.com

DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY, ESQ. (SBN 82482)
J. CROSS CREASON, ESQ. (SBN 209492)
ANNA NAGORNAIA, ESQ. (SBN 311549)
601 Montgomery Street, Suite 1900
San Francisco, California 94111
Telephone:     (415) 397-2700
Facsimile:     (415) 397-3300
wfm@dillinghammurphy.com
jcc@dillinghammurphy.com
an@dillinghammurphy.com

Attorneys for Plaintiff
The Republic of Kazakhstan

BOERSCH SHAPIRO LLP
DAVID W. SHAPIRO (SBN 219265)
MARTHA BOERSCH (SBN 126569)
LARA KOLLIOS (SBD 235395)
1611 Telegraph Ave., Ste. 806
Oakland, California 94612
Telephone:     (415) 500-6640
Dshapiro@boerschshapiro.com
Mboersch@boerschshapiro.com
Lkollios@boerschshapiro.com

Attorneys for Defendant
Ilyas Khrapunov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REPUBLIC OF KAZAKHSTAN, <br><br> Plaintiff, <br><br> v. <br><br> MURATBEK KETEBAEV and ILYAS KHRAPUNOV, <br><br> Defendants. | CASE NO. 5:17-cv-00246 <br><br> **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** <br><br> Date:     October 25, 2017 <br> Time:     2:00 p.m. <br> Judge:    The Honorable Lucy H. Koh <br> Courtroom: 8 |

Plaintiff The Republic of Kazakhstan ("Plaintiff") and Defendant Ilyas Khrapunov ("Defendant") hereby submit this Joint Case Management Conference Statement and Rule 26(f) Report pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California. An Initial Case Management Conference is scheduled for October 25, 2017 at 2:00 p.m.

## I. Jurisdiction and Service

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

All named parties have been served. Defendant Khrapunov has filed a limited appearance through counsel. He has moved to dismiss the Second Amended Complaint (the "SAC") on various grounds including lack of personal jurisdiction and improper venue. (ECF No. 040.) He has not contested service.

Defendant Muratbek Ketebaev was served on June 5, 2017 at the following address: Wąwozowa 6/186, 02-796 Warszawa, Poland. Defendant Ketebaev has not appeared in this action.

## II. Summary of Facts

### A. Summary of Allegations

Plaintiff has brought a civil action for injunctive and declaratory relief and damages under The Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030, and the Stored Communications Act (the "SCA"), 18 U.S.C. §§ 2701 et seq. Briefly stated, Plaintiff alleges that the named Defendants and their co-conspirators (collectively, the "Defendants") planned, organized, financed, and executed multiple hackings of computer servers owned by Google Inc. and Microsoft, Inc. in order to unlawfully access without authorization Gmail and Hotmail accounts used, at the direction of the Republic of Kazakhstan, by its officials to conduct its government business. Plaintiff further alleges that Defendants' hackings enabled the Defendants to steal, publish, and use thousands of sensitive, proprietary, confidential, and privileged government emails and other documents (the "Stolen Materials").

### B. Uncontested Facts

The primary undisputed material factual issues include:

1. Plaintiff is a sovereign nation in Central Asia.

2. Defendant is a citizen of the Republic of Kazakhstan and currently resides in Switzerland.
3. Google Inc. is a Delaware corporation headquartered in Mountain View, CA.
4. Microsoft, Inc. is a Washington corporation headquartered in Redmond, WA.

C. Contested Facts

   i. Plaintiff's Position

Plaintiff objects to Defendant's inclusion of the rhetoric in Section (ii) as unfounded and contrary to the purpose of this Report. Plaintiff further disputes the allegations and asserts that they are not relevant to this action.

   ii. Defendant's Position

Khrapunov denies Plaintiff's allegations that any CFAA or SCA violations occurred and, if any occurred, he denies Plaintiff's allegations that he is responsible. Rather, this is yet another improper attempt by the Republic of Kazakhstan to use the United States' and other foreign judicial systems as a weapon against political dissidents. As the Council of Europe has declared, "

> Kazakhstani authorities have used a regular practice of fabrication of criminal cases, for example the pretence of financial crimes, terrorism or social discord against peaceful protesters, bloggers, journalists, oppositionists and their associates . . . A threat to be prosecuted both in Kazakhstan and abroad is used even against their family members as a form of punishment like in the case of the **Khrapunovs** or in the case of the Tokmadis, in order to obtain false confessions against the opposition.

*Available at* http://www.assembly.coe.int/nw/xml/XRef/Xref-XML2HTML-EN.asp?fileid=24151&lang=en (last visited October 16, 2017) (emphasis added). The current government of Kazakhstan, formerly part of the Soviet Union, is well-recognized as a brutally repressive one. Human Rights Watch notes that "Kazakhstan heavily restricts freedom of assembly, speech, and religion, and torture remains a serious problem," and, just last year, police there "rounded up journalists and human rights activists who attempted to monitor and report" on various rallies. *Available at* https://www.hrw.org/europe/central-asia/kazakhstan (last visited June 14, 2017). Moreover, the Financial Times has reported that, "the political battles of the former Soviet are fought not in the parched valleys east of the Caspian Sea but in western courts . . . ." *Id*. Kazakhstan has employed a "strategy,

common in former Soviet states, of deploying commercial litigation to crush political opponents – using the world's most respected courts to confer legitimacy." *Id*.

This action is one of many actions filed by Kazakhstan that is currently pending in the United States against Khrapunov and his family members. *See City of Almaty, Kazakhstan, et al. v. Mukhtar Ablyazov, et al.*, No. 15-cv-05345-AJN-KHP (S.D.N.Y. July 9, 2015); *City of Almaty v. Viktor Khrapunov, et al.*, No. 14-cv-03650-FMO-CW (C.D. Cal. May 13, 2014). This and the other suits are not designed to redress wrongs that allegedly occurred in the United States, but are instead designed to suppress information and punish political foes of the current regime. Here, Kazakhstan is attempting to suppress newsworthy information that political dissidents have been using since August 2014 to expose Kazakhstan's pursuit of corrupt legal actions, both civil and criminal, in courts around the world, including in the United Kingdom, France, Switzerland, New York, Los Angeles, and here. Kazakhstan's suit is not only for an improper purpose, it is also legally and factually deficient, and Khrapunov believes it will be dismissed as a result.

### III. Legal Issues

    A. Undisputed Legal Issues

        1. This Court has jurisdiction over the subject matter of this action.

    B. Disputed Legal Issues

Plaintiff identifies the following primary legal issues:

    1. Whether Defendants violated the CFAA by intentionally accessing protected computers without authorization, and by obtaining the Stolen Materials from such protected computers;

    2. Whether Defendants violated the SCA by knowingly and intentionally accessing without authorization a facility through which an electronic communication service is provided and thereby obtaining documents from among the Stolen Materials that included wire or electronic communications, while such communications were in electronic storage in such system.

    3. Whether Defendants are liable for damages to the Plaintiff.

    4. Whether the Court should grant the injunctive relief demanded in the SAC.

Defendant identifies the following primary legal issues:

1. Whether Kazakhstan has alleged facts sufficient to state a claim under the CFAA or SCA;
2. Whether there is personal jurisdiction over Khrapunov;
3. Whether the SCA applies extraterritorially;
4. Whether the Northern District of California is the proper venue;
5. Whether the action should be dismissed on the grounds of *forum non conveniens*;
6. Whether Kazakhstan has standing to pursue this action;
7. Whether a protected computer was involved, as defined in 18 U.S.C. § 1030(e)(2)(B);
8. Whether Kazakhstan incurred any cognizable damages, as required by 18 U.S.C. §§ 1030(a)(2)(C) and (a)(5)(C);
9. Whether the First Amendment to the United States Constitution bars Kazakhstan's claims in whole or in part;
10. Whether issue or claim preclusion will apply given the similarity of claims and parties in *City of Almaty, Kazakhstan, et al. v. Mukhtar Ablyazov, et al.*, No. 15-cv-05345-AJN-KHP (S.D.N.Y. July 9, 2015)

### IV. Status of Prior and Pending Motions

The original complaint was filed on January 18, 2017 (ECF No. 1).

Plaintiff filed a First Amended Complaint on January 20, 2017 (ECF No. 8).

On June 30, 2017, Defendant Khrapunov filed his Motion to Dismiss the First Amended Complaint. (ECF No. 027.)

On August 22, 2017, Plaintiff filed its SAC (ECF No. 033) after the Court adopted the Parties' stipulation allowing for the filing of the SAC (ECF No. 028).

On October 9, 2017, Defendant Khrapunov filed his Motion to Dismiss the SAC (the "Motion"), alleging that (1) the SAC fails to allege facts sufficient to state a claim; (2) this Court lacks personal jurisdiction over the Defendant; (3) the SAC should be dismissed on forum non conveniens grounds and/or because the Northern District of California is not the proper venue; and

(4) Plaintiff lacks standing to pursue the action. (ECF No. 040.) Plaintiff's Opposition to Defendant's Motion is due on November 9, 2017. Defendant's Reply in Support of his Motion is due on November 30, 2017.

Oral argument on the Motion is scheduled for December 21, 2017 at 1:30 p.m.

## V. Amendment of Pleadings

Neither party is requesting to add another party at this time. Discovery may reveal additional parties to be added.

## VI. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Each party agrees to preserve all relevant e-mails and other electronically-stored data pursuant to the Federal Rules of Civil Procedure and applicable local rules. Plaintiff and Defendant have issued litigation holds to their respective clients and have taken steps to ensure all relevant information will be preserved. The parties will meet and confer on the format and production of requested electronically stored information and data, as well as the cost of preparing such information or data as applicable.

## VII. Substantive Discovery Issues

A. Initial Disclosures

i. Plaintiff's Position

Plaintiff is prepared to exchange Initial Disclosures on October 18, 2017, in accordance with the timing set forth by this Court in its January 19, 2017 Order Setting Initial Management Conference and ADR Deadlines (ECF No. 005) (ordering that Initial Disclosures be exchanged one week prior to the Case Management Conference). Plaintiff so informed Defendant at a meet and confer session held October 5, 2017. Defendant has indicated that he will not serve Plaintiff with his Initial Disclosures on October 18, 2017. As a result, Plaintiff has not yet served Defendant with its Initial Disclosures, but will continue to engage with Defendant to try to reach agreement on the exchange of Initial Disclosures, hopefully without the Court's intervention.

ii. Defendant's Position

As set forth below in Sections VII(B) and VIII(A), the Parties have proposed a stay of discovery pending a decision on Khrapunov's Motion to Dismiss to preserve judicial and party resources. Further, Khrapunov believes personal jurisdiction is lacking here and counsel has made a limited appearance for the purpose of filing a motion to dismiss on that ground and others. Khrapunov proposes that the Parties exchange initial disclosures 7 days after the Court issues an order denying Khrapunov's motion to dismiss, if such an order is issued.

### B. Discovery Completed to Date

No discovery has been taken in this action. The parties propose to defer the commencement of discovery until the Court has ruled on the pending motion to dismiss the SAC.

### C. Current Discovery Disputes

There are currently no discovery disputes.

### D. Scope of Anticipated Discovery; Proposed Discovery Plan

The parties anticipate propounding written discovery requests, including but not limited to, Interrogatories, Requests for Production of Documents, and Requests for Admissions. The parties also intend to take depositions of various witnesses.

### E. Proposed Changes to Discovery Rules

The parties believe the presumptive limits on interrogatories and depositions set forth in the Federal Rules of Civil Procedure are appropriate for this case.

### F. Stipulated e-Discovery Order and e-Service

The parties have not entered into a stipulated e-discovery order.

The parties have agreed to accept electronic service of all discovery requests and responses, including productions of documents.

The parties do not intend to use an electronic repository to exchange documents.

### G. Method of Producing ESI

The parties do not believe that ESI will be a significant cost or burden in this matter.

Page No. 7 - Case No. 5:17-cv-00246
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT

### H. Privilege Log

The parties have agreed to exchange privilege logs. No document created after January 18, 2017 need be logged. Additionally, the Parties agree that (regardless of date): (i) any work product, (ii) any internal law firm communications, (iii) any communications between law firms that represent the same party (even in different matters), and (iv) any communications solely between a party and his or its counsel need not be logged.

### I. Protective Order

The parties agree that there is a need for a protective order relating to discovery. The parties agree to meet and confer in good faith over the terms of a protective order.

## VIII. Proposed Discovery and Case Management Schedule

### A. Proposed Schedule of Major Events and Deadlines

The parties propose the schedule set forth below with respect to discovery and motion work.

| Event | Deadline |
| --- | --- |
| Exchange Initial Disclosures | Plaintiff's Position: Plaintiff is prepared to exchange Initial Disclosures on October 18, 2017. Because Defendant has indicated that he will not serve Plaintiff with his Initial Disclosures on October 18, 2017, Plaintiff has not yet served Defendant with its Initial Disclosures, but will continue to engage with Defendant to try to reach agreement, hopefully without the Court's intervention. Defendant's Position: seven days after a denial of the motion to dismiss. |
| Written Discovery | October 25, 2018 |

| Completion of Depositions | October 25, 2018 |
| --- | --- |
| Exchange Expert Disclosures (if any) | November 26, 2018 |
| Exchange Rebuttal Expert Disclosures (if any) | December 21, 2018 |
| Completion of Expert Discovery | January 25, 2019 |
| Dispositive Motion(s) (if any) | March 8, 2019 |
| Oppositions to Dispositive Motion(s) (if any) | April 19, 2019 |
| Replies in Support of Dispositive Motion(s) (if any) | May 10, 2019 |
| Pretrial Conference | TBD after any summary judgment ruling |
| Trial | TBD after any summary judgment ruling |

In order to avoid any premature expenditure of resources, the Parties believe that discovery should be stayed until Defendant's Motion to Dismiss is decided. Should the Motion to Dismiss be denied (in whole or in part), the Parties believe that discovery should be completed by October 25, 2018. The parties believe that certain extenuating circumstances in this case require a discovery period of this length. First, Defendant Khrapunov, a resident of Switzerland, has indicated that he believes that he must be served with any discovery requests in accordance with the Hague Service Convention. Although Plaintiff reserves the right to oppose this and to seek to take discovery pursuant to the Federal Rules of Civil Procedure, should the Court agree with Defendant Khrapunov, the process under the Hague Service Convention could take several months to complete. Additionally, a number of non-party witnesses reside abroad, and service of discovery demands on them will need to be effectuated through the Hague Service Convention. Finally, if personal jurisdiction over Defendant Khrapunov is not apparent from the allegations in the SAC and from Plaintiff's Opposition to Defendant's Motion to Dismiss and supporting documents (due Nov. 9, 2017), Plaintiff requests that it be permitted jurisdictional discovery. Khrapunov opposes this

request because no amount of discovery will demonstrate sufficient contacts of Khrapunov to this forum to satisfy due process. Should the Court order this discovery and should the Court further order a stay of merits discovery pending the resolution of the Motion to Dismiss, the commencement of merits discovery will likely be stayed into the beginning of 2018. The parties will make all efforts to complete discovery in a timely manner, but believe that a discovery period of this length is necessary.

The parties have allocated approximately three months for expert discovery: (1) approximately one month after the close of fact discovery to exchange expert disclosures; (2) approximately one month to exchange rebuttal expert disclosures; and (3) approximately one month to complete expert depositions. Given the complex issues in this case and the proximity of these dates to the holidays, the Parties believe that this time period is reasonable and appropriate.

Following the completion of expert discovery, the Parties suggest that any dispositive motions, which may include the compilation of an extensive amount of factual material, be due on March 8, 2019 – six weeks following the completion of expert discovery. The parties believe that a briefing schedule for any dispositive motions should allow six weeks for any opposition brief and an additional three weeks for any reply brief.

Finally, in order to avoid the unnecessary expenditure of resources, the Parties suggest that the Pretrial Conference and trial date be set after adjudication of any dispositive motions. If no dispositive motions are filed, the Parties suggest a trial date beginning in May of 2019.

**IX.  Related Cases**

On October 10, 2017, counsel for movants Pavel Prosyankin and John Doe filed an Administrative Motion to Consider Whether Cases Should Be Related (the "Administrative Motion") (ECF No. 043), arguing that the case captioned *In re Application of Ilyas Khrapunov Pursuant to 28 U.S.C. § 1782 for the Taking of Discovery for Use in a Foreign Proceeding*, 4:17-mc-80107-KAW (N.D. Cal. Aug. 16, 2017) is related to the current matter. Khrapunov opposed this motion on October 13, 2017 (ECF No. 49), and the Court denied Prosyankin's motion on October 16, 2017 (ECF No. 50).

The parties are not aware of any other related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## X. Relief

Briefly stated, Plaintiff seeks a judgment identifying the Defendants as liable for the unlawful access, and an award of damages currently estimated at $274,000, consisting of expenses to investigate the hackings and to control and remediate the damage Defendants caused. Plaintiff also seeks an injunction enjoining Defendants from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, any of the Stolen Materials. Finally, Plaintiff seeks an order from this Court directing that certain websites displaying Stolen Materials or containing links to the repositories containing the Stolen Materials be disabled and/or deleted.

## XI. Settlement and ADR

The Parties have not yet held settlement discussions, nor are settlement discussions currently scheduled as the Parties do not believe that any discussions will be fruitful. The parties are scheduled to attend an ADR Phone Conference on October 24, 2017 at 4:00 p.m.

The Parties have complied with Northern District of California's ADR L.R. 3-5 by filing the ADR Certification.

## XII. Trial Issues

### A. Jury Trial

The parties do not request a jury trial.

### B. Expedited Trial, Binding Arbitration, or Other Reference

The parties do not believe this case is suitable for an expedited trial, binding arbitration, or other references.

### C. Proposed Trial Plan

At this time, the Parties do not request bifurcation or phasing of trial. More details about Plaintiff's trial plan will be provided after discovery has been conducted.

### D. Length of Trial

The parties estimate that the number of trial days required is 5-10 court days.

E.  Scheduling a Trial Date

Both parties agree that trial setting should be reserved until after any summary judgment motions are decided.

**XIII.  Narrowing of Issues**

The parties have not stipulated to the narrowing of any issues.

**XIV.  Other Issues**

A.  Consent to Magistrate Judge for All Purposes

The Parties do not consent to Magistrate Judge for all purposes.

B.  Disclosure of Non-Party Interested Entities or Person

i.  Plaintiff's Position

In accordance with Northern District of California Civil Local Rule 3-15, Plaintiff, as a governmental entity, is not required to file a "Certification of Interested Entities or Persons." Plaintiff also objects to Defendant's inclusion of the rhetoric in Section (ii) as unfounded and contrary to the purpose of this Report. Plaintiff further disputes the allegations and asserts that they are not relevant to whether Plaintiff must file a Certification of Interested Entities or Persons.

ii.  Defendant's Position

Khrapunov does not agree that Kazakhstan is exempted from this requirement as a foreign sovereign. Moreover, it is Khrapunov's position that extenuating circumstances here make it appropriate for Kazakhstan to file a Certificate of Interested Entities or Persons, because witnesses on behalf of Kazakhstan have benefitted from testifying against political dissidents in other jurisdictions. For example, Nicholas Bourg is the sole witness to Khrapunov's alleged comment that he "orchestrated the hackings of the email accounts of numerous employees of the Republic of Kazakhstan." SAC ¶ 88. Bourg admitted in a deposition recently taken in England that he has an agreement with the government of Kazakhstan and BTA Bank to "cooperate" against the Khrapunovs, and that as part of the agreement, BTA Bank has paid Bourg over €562,000 (roughly $663,019) as reimbursement for "expenses" related to his assistance. If there are other such financial beneficiaries here, they should be disclosed without delay.

C. <u>Professional Conduct</u>

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 18, 2017

CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP
JACQUES SEMMELMAN
MICHAEL J. MOSCATO
MICHAEL R. GRAIF

DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY
J. CROSS CREASON
ANNA NAGORNAIA

By /s/ William F. Murphy
   Attorneys for Plaintiff the Republic
   of Kazakhstan

Dated: October 18, 2017

BOERSCH SHAPIRO LLP
DAVID W. SHAPIRO
MARTHA BOERSCH
LARA KOLLIOS

By /s/ Martha Boersch
   Attorneys for Defendant Ilyas Khrapunov